Common Pleas Court of Cuyahoga County.

SAM POLICE v. THE INDUSTRIAL COMMISSION OF OHIO.

Decided, March 7, 1914.

*Injured Employee—Dissatisfied with the Allowance Made to Him by the Industrial Commission—May be Without Remedy—No Appeal to the Courts in Such Case.*

1. No right of appeal to the courts is given, under the workmen's compensation act, to an injured employee who is dissatisfied with the allowance which has been made to him by the industrial commission of Ohio.
2. Whether the industrial commission has authority to reopen a case which it has one determined—*Quaere.*

*C. W. Toland* and *G. E. Romano,* for plaintiff.

*G. A. Howells,* Assistant Prosecuting Attorney, contra.

PHILLIPS, J.

I am in full accord with what counsel for plaintiff has said in regard to the purpose of this statute. It is intended for the benefit of the employees, by saving them from the expense of a lawsuit and the delays incident to litigation, and from a division of the amount recovered. As we all know is usual in these cases, personal injury cases, they are generally taken on a contingent fee, which results in a division of the amount recovered, and thereby to the detriment of the injured employee. It was to relieve the employee from that situation that this act was passed; and I think it was intended, also, for the benefit of the employer, and I think it is, when well administered, beneficial to the employer. It saves him from the trouble and expense of litigation; and it is beneficial to both employer and employee because it puts the whole matter in the hands of a tribunal selected in such way and with such experience, after the experience has been gained, as will enable that tribunal to make a more nearly uniform disposition of such cases than could be made by a trial to a court

and jury. We all have been surprised again and again at the large amount of recovery; and we have been surprised again and again at the small amount of recovery in such cases. They are not at all uniform; and that is remedied, very largely remedied, by the creation of this tribunal, selected as it is and devoting its whole time to these matters, and having the benefit of a large experience in these matters. And, then, it is an advantage to the public. It saves the courts a great deal of time; it saves the public the expense of long, tedious trials, and reviews, reversals and new trials. So it is a benefit all around— to the employer, to the employee, and to the public. That is the intention, and, when well administered, it will be the result.

I agree with counsel that courts ought to construe this statute and proceedings under it in such way as to carry out and accomplish these worthy purposes of the law, where that can be done. That is a general rule of construction, and I think its application is especially demanded in this kind of case. But when a court comes to exercise jurisdiction it must have jurisdiction. It won't do for a court to assume jurisdiction in order to remedy some wrong or to promote some good. That would never do.

The question of jurisdiction is a technical question; it must be so. There have been authorities cited to the effect that when a case has been appealed from a justice court to this court when there is no right of appeal, and the parties do not raise any question as to the jurisdiction of the court, but proceed to make up the issues in this court, and proceed to a trial of the case, then, if it be a matter of which the appellate court would have original jurisdiction, a case which could have come into this court originally, without any appeal, then this court has jurisdiction. There is no question but what this court would then have jurisdiction both of the subject-matter of the action and of the parties to the action. But that isn't this case.

"It is a fatal objection to the jurisdiction of any court, that it has not cognizance of the subject-matter of the action; that is, that the nature of the action is such as the court is, under no circumstances, competent to entertain. In such case, a plea to

the jurisdiction is not necessary. The cause may be dismissed on motion, or the court may, without plea, motion, or demurrer, dismiss it *sua sponte;* for the whole proceedings would be *coram non judice*, and void. \* \* \* Want of jurisdiction may be taken advantage of by motion \* \* \* as where the defendant questions the pretended service of process, or by demurrer if the ground appears from the complaint, or by answer, if the ground does not so appear. An inquiry as to the jurisdiction of the court may be made at any stage of the case; and when made, it must be considered and determined, for any further movement would be the exercise of jurisdiction. And if a court has not jurisdiction before an amendment, it has none to allow the amendment to be made.''

Now, there is provision in this statute for appeal to this court, That is allowable in only one stage of the case before the board; that is when the board has denied the right of the plaintiff to participate at all in the insurance fund, and bases that denial on certain specific grounds. That is in harmony with the general purpose of this statute. The statute undertakes to avoid litigation; to save the parties and the public from delay, the annoyance, the expense and the uncertainties of litigation. Therefore, the right to appeal, the right to have litigation about it, is restricted to one single instance, and the action of the board is made final and complete, with no right to review or appeal in other instances. This is a part of the policy of the Legislature, and as much to be carried out and maintained as any of the other provisions of this scheme of compensation. The statute says that:

''The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final.''

There is never a right of appeal unless it is conferred by statute. There are many matters in which there is no appeal. Final jurisdiction must rest somewhere, and the Legislature may rest it in a tribunal, may rest it in any court; they may make the action of a justice of the peace final, with no right of appeal. In some matters the action of this court can not be appealed from, and now, in a great many matters, the judgment of the court of appeals can not be appealed from or reviewed. And

in this statute the Legislature has seen fit to make the action of this tribunal, this board, final with a single exception.

"In case the final action of such board denies the right of the claimant to participate at all in such fund"—that is not sufficient; that won't give him an appeal; but when that is denied "on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right," then the claimant may appeal.

Now, that is very closely and carefully restricted, this right of appeal. The court can not by construction enlarge the right of appeal. The language of the statute should be fairly construed and an appeal entertained only where the case comes fairly within the language of the statute when the language has been fairly interpreted and construed.

Now, it doesn't appear in this case that the board denied the right of the claimant to participate in the fund; it has allowed him to participate; and the adequacy or the inadequacy of the allowance is a question we can not consider in determining the question of jurisdiction. It does not appear either that the right to participate was denied upon any of the grounds stated in this statute which would make it appealable.

The criticism of this record of the proceedings of the board, I think, is hardly correct. The language of this finding of facts is not very carefully guarded. They find that the proof on file is such as to show that "the applicant's injury consisted of a hernia, not resulting from an injury." It says that this injury did not result from an injury, and they have erased the statement that "the applicant's injury was sustained in the course of employment." They could compensate for an injury only when it was suffered in the course of the employment. They say "that the proof on file is such as to show an aggravation of said hernia, for which an award is allowed, as above." I take it that that means that the hernia was not started, did not have its inception, in the course of the employment; that it was in existence; it was in the system; it was in the person in its incipiency, before the aggravation of it by the work that he was

doing in his employment; that the disease existing at the time was aggravated and increased as a result of his employment, the work he was doing. That perhaps presented to the board a very doubtful question as to whether or not they could make an allowance as to whether or not he was entitled to one. Then, I have no doubt, that, by reason of mistake in the application, the board was misled—it appears that way to me—probably misled to the extent of this aggravation and the extent of the disability.

That doesn't authorize this court to entertain the case. They had made an allowance. In the view that the board probably had of this case, it was questionable whether any allowance should be made, and, if it should be made, the allowance should be inconsiderable. They were giving the applicant the benefit of the doubt as to whether there should have been an allowance, and they made the allowance very small. But they have not denied him participation in the fund on any of the grounds named here as grounds for appeal.

It may be that this plaintiff has had an injustice done him, without any intention to do him an injustice, of course, largely because of his mistake in making his application. That is his own fault; that is his own misfortune. But this court can't aid him, and it may be there is no means of remedy. There ought to be power in the board to reconsider a case. All courts reconsider a case after they have heard it and decided it, upon sufficient ground being shown; and I am inclined to think that this board would have the power to open up the hearing and to rehear it, without specific power being given by the terms of the act. I don't know about that, and I am not deciding that at all. But, if there is any remedy, it seems to me that is the remedy.

The petition will be dismissed for want of jurisdiction.